**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TRACY PETROCELLI,

    Petitioner,

vs.

E.K. McDANIEL, *et al.*,

    Respondents.

3:94-cv-0459-RCJ-VPC

**ORDER**

In this capital habeas corpus action, on March 23, 2010, the court granted in part, and denied in part, a motion to dismiss filed by the respondents. Order entered March 23, 2010 (docket #200) ("March 23 order"). In the March 23 order, the court dismissed Grounds 1, 2, 3, 4, 5, 6(a), 6(b), 7(a), 7(c), 7(d), 8(a), and 8(c), of the fourth amended habeas petition filed by the petitioner, Tracy Petrocelli, on January 11, 2009 (docket #162). March 23 Order, p. 37. In the March 23 order, the court also ruled Grounds 7(e), 8(b), 9, 11, 14, 15(a), 15(b), 15(c), 15(d), 15(e), 16(a), 16(b), 16(c), 16(d), 16(e), 16(f), 16(g), 16(h), 16(i), 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31 of the fourth amended petition to be unexhausted, and the court ordered Petrocelli to either abandon those claims or file a motion for a stay if he believes he should be allowed to return to state court to exhaust them. March 23 Order, pp. 37-38. On April 21, 2010, Petrocelli filed a motion for stay (docket #203), requesting a stay, so that he may return to state court to exhaust the unexhausted claims.

The briefing of the motion for stay has been suspended, pending the resolution of a motion for reconsideration filed by Petrocelli on April 20, 2010 (docket #201). In the motion for reconsideration,

Petrocelli requests that the court reconsider the dismissal of Grounds 3 and 4 of his fourth amended petition. Respondents filed an opposition to the motion for reconsideration on June 18, 2010 (docket #207), and Petrocelli replied on June 21, 2010 (docket #208).

The court will deny the motion for reconsideration, as is explained below, and the court will set a schedule for the completion of the briefing of the motion for stay.

Respondents argue that the motion for reconsideration is untimely. In making the motion, Petrocelli cites Federal Rule of Civil Procedure 52(b). Motion for Reconsideration (docket #201), p. 2. However, that provision concerns amendments of findings after entry of a judgment; that is not the situation here. Petrocelli also cites Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *See* Fed. R. Civ. P. 54(b). That provision is relevant, but does not speak directly regarding the timing of a motion for reconsideration. The pertinent rule is Federal Rule of Civil Procedure 60, which concerns a motion for relief from an order, which is the nature of Petrocelli's motion. Under that rule, a party may seek relief from an order for "any reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The court construes Petrocelli's motion as a motion made under Federal Rule of Civil Procedure 60. Such a motion must be made within a reasonable time. *See* Fed. R. Civ. P. 60(c). Petrocelli filed his motion for reconsideration 28 days after the court ruled on the motion to dismiss. The court finds that to be a reasonable time. Petrocelli's motion for reconsideration was timely filed.

In Ground 3, Petrocelli claims his constitutional rights to due process of law and a reliable sentence were violated because the prosecution used the same circumstance – that the killing was committed in the course of a robbery – to establish first degree murder under the felony murder doctrine, and also as an aggravating factor upon which the death penalty was based. Fourth Amended Petition (docket #162), pp. 96-129. In the March 23 order, the court determined that this same claim had been asserted in Petrocelli's first amended petition in this action, and denied in an order entered September 30,

1997. *See* First Amended Petition (docket #28), p. 9 (Ground 3); Order entered September 30, 1997 (docket #78), pp. 14-15. This court went on to point out that, on a prior appeal, the Ninth Circuit Court of Appeals stated that Petrocelli had not presented argument with respect to this claim, and treated the claim as abandoned. *See Petrocelli v. Angelone*, 248 F.3d 877, 880 n.1 (9th Cir.2001) (copy in record at docket #88). This court stated, in the March 23 order, that it would not now reconsider a claim that was previously adjudicated, and then abandoned on appeal by the petitioner. *See United States v. Nagra*, 147 F.3d 875, 882 (9th Cir.1998) ("When a party could have raised an issue in a prior appeal but did not, a court later hearing the same case need not consider the matter.") (citing *United States v. Wright*, 716 F.2d 549, 550 (9th Cir.1983)); *see also Skretvedt v. E.I. DuPont De Nemours,* 372 F.3d 193, 202-04 (3d Cir.2004) ("We have consistently rejected such attempts to litigate on remand issues that were not raised in a party's prior appeal and that were not explicitly or implicitly remanded for further proceedings."); *United States v. Mesa*, 247 F.3d 1165, 1171 n. 6 (11th Cir.2001) (an issue not raised during initial appeal was abandoned and was not part of remand); *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981) (Friendly, J.) ("It would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.").

In the motion for reconsideration, Petrocelli argues that the claim in Ground 3 is not the same as the claim that he abandoned on appeal. Petrocelli argues that the Nevada Supreme Court's intervening decision in *McConnell v. State*, 210 Nev. 1043, 102 P.3d 606 (2004), and his reliance on that case in Ground 3 of the fourth amended petition, renders Ground 3 different from the claim asserted in the first amended petition and abandoned on appeal. The court finds Petrocelli's argument in this regard to be without merit. The claim remains the same: a claim that it was unconstitutional for the prosecution to use the same circumstance – that the killing was committed in the course of a robbery – to establish first degree murder under the felony murder doctrine, and also as an aggravating factor upon which the death penalty was based. The intervening *McConnell* decision, and Petrocelli's citation of that case in Ground 3, does not make Ground 3 of the fourth amended petition a new claim, different from the claim asserted in the first amended petition. *McConnell* may have provided some new support for Petrocelli's position

3

1  – albeit not controlling authority -- but that does not mean that it is a new and different claim.  It was
2  possible for Petrocelli to articulate the claim before the decision in *McConnell*, Petrocelli did so in his first
3  amended petition, this court ruled on the claim, and Petrocelli abandoned the claim on appeal.  Under
4  these circumstances, the court will not alter its ruling, in the March 23 order, regarding Ground 3.

5  In Ground 4, Petrocelli claims that his constitutional rights were violated "because the jury was
6  instructed that he could be paroled or be granted clemency if he received a sentence of life without parole
7  and the trial prosecutor also so argued."  Fourth Amended Petition, p. 130; *see also id*. at pp. 130-38.
8  Here again, in the March 23 order, the court determined that the same claim was
9  included in Petrocelli's first amended petition in this action.  *See* First Amended Petition, pp. 9-10
10 (Ground 4).  And as with Ground 3, the court denied relief on the Ground 4 claim in the order entered
11 September 30, 1997, and, on appeal, the Ninth Circuit Court of Appeals stated that Petrocelli had not
12 presented argument with respect to the claim, and the appellate court treated the claim as abandoned.
13 *See* Order entered September 30, 1997, pp. 16-17; *Petrocelli,* 248 F.3d at 880 n.1.  In the March 23
14 order, this court ordered that it will not reconsider a claim that was previously resolved and thereafter
15 abandoned on appeal, and the court dismissed Ground 4.

16 Much as with Ground 3, Petrocelli argues that the claim in Ground 4 is not the same as the claim
17 he abandoned on appeal.  Petrocelli argues that the Ground 4 claim is different because it is now based
18 on *Sechrest v. Ignacio*, 549 F.3d 789 (9th Cir.2008), a case in which the court of appeals decided a
19 similar issue in the petitioner's favor.  Here again, however, the claim in Ground 4 is the same claim that
20 Petrocelli abandoned on appeal.  The fact that the court of appeals, since that appeal, decided a case
21 presenting a similar issue, and decided that case in a manner that may lend some support to Petrocelli's
22 claim, does not render the claim, as now constituted, a new and different claim.  It is the same claim that
23 was previously decided by this court and abandoned by Petrocelli
24 on appeal.  The court will not alter its ruling, in the March 23 order, regarding the claim in
25 Ground 4.
26 ///

**IT IS THEREFORE ORDERED** that the Motion for Reconsideration (docket #201) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall have **45 days** from the date of entry of this order to respond to petitioner's motion for stay (docket #203). Petitioner shall thereafter have **30 days** to filed a reply in support of the motion for stay.

Dated this 10th day of August, 2010.

_____
UNITED STATES DISTRICT JUDGE