UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRACY PETROCELLI, | |
| Petitioner, | 3:94-cv-0459-RCJ-VPC |
| vs. | |
| | **ORDER** |
| RENEE BAKER, *et al.*, | |
| Respondents. | |

In this capital habeas corpus action, the petitioner, Tracy Petrocelli, has filed a motion for reconsideration (docket #220), requesting that the court reconsider its order (docket #218) denying his motion for a stay (docket #203). The court finds that reconsideration of the denial of the stay is not warranted, and the court will deny the motion for reconsideration.

In his motion for a stay, Petrocelli argued that this action should be stayed so that he may return once again to state court to exhaust his unexhausted claims. In its order denying the stay, the court set forth the factual and procedural background of the case. Order entered March 10, 2011 (docket #218), pp. 1-6.

Petrocelli was convicted of first degree murder, and sentenced to death on September 8, 1982. In the 29 years since his conviction, Petrocelli has pursued a direct appeal to the Nevada Supreme Court and three state-court post conviction actions. *See id*. Despite his long history of state-court litigation, Petrocelli has filed in this federal habeas action a fourth amended

petition setting forth several claims for relief that have not been exhausted in state court. *See* Order entered March 23, 2010 (docket #200); Order entered August 10, 2010 (docket #209).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that a district court may stay a mixed petition – a petition containing both exhausted and unexhausted claims – in "limited circumstances," so that a petitioner may present his unexhausted claims to the state courts without losing his right to federal habeas review to the one-year statute of limitations. *Rhines*, 544 U.S. at 273-75. In *Rhines*, the Court ruled that a district court may stay a mixed petition only if: (1) the petitioner has "good cause" for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. *Id*. at 278. "[A] *Rhines* stay must be assessed "in light of the Supreme Court's instruction that the district court should only stay mixed petitions in 'limited circumstances.'" *Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir.2008), citing *Rhines*, 544 U.S. at 273-75. Moreover, the court must keep in mind that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before seeking habeas relief in federal court. *Rhines*, 544 U.S. at 276-77; *see also Wooten*, 540 F.3d at 1024. In the order denying Petrocelli's motion for a stay, the court considered each of his unexhausted claims, and determined that Petrocelli did not satisfy the *Rhines* standards, to justify a stay, with respect to any of those claims. Order entered March 10, 2011, pp. 7-26.

Additionally, the court considered whether, alternatively, a "*Kelly* stay" is justified, under the Ninth Circuit cases of *King v. Ryan*, 564 F.3d 1133 (9th Cir.2009); *Kelly v. Small*, 315 F.3d 1063 (9th Cir.2003); and *Calderon v. U.S. Dist. Ct.* (*Taylor*), 134 F.3d 981, 986 (9th Cir.1998). Under those authorities: (1) a federal habeas petitioner with unexhausted claims amends his petition to delete the unexhausted claims; (2) the district court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition again incorporating the newly-exhausted claims. *Kelly*, 315 F.3d at 1070-71. The *Kelly* procedure has no requirement of a

showing of good cause for the petitioner's failure to exhaust. However, compared to the *Rhines* procedure, the *Kelly* procedure has a significant drawback for petitioners. "Unlike the *Rhines* procedure, the *Kelly* procedure does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." *King*, 564 F.3d at 1141. If the *Kelly* procedure is followed, in order to avoid a statute of limitations bar under 28 U.S.C. § 2244(d)(1), the newly-exhausted claims, to be set forth in an amended petition after the stay is lifted, must relate back to claims in the fully-exhausted stayed petition. *See King*, 564 F.3d at 1142. "An amendment of a pleading relates back to the date of the original pleading when ... the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.Pro. 15(c)(2). In *Mayle v. Felix*, 545 U.S. 644 (2005), the Supreme Court held that a petitioner may amend to add a new claim into a pending federal habeas petition after the expiration of the limitations period only if the new claim shares a "common core of operative facts" with the claims in the pending petition. *Mayle*, 545 U.S. at 659. An amended habeas petition, "does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Id*. at 649. A district court exercises discretion in determining whether or not to grant a *Kelly* stay. *Kelly*, 315 F.3d at 1070. The court may properly refuse to stay an exhausted habeas petition when the statute of limitations would prevent the petitioner from ever successfully amending to re-assert his claim. *See King*, 564 F.3d. at 1141-42. In Petrocelli's case, the one-year AEDPA limitations period ran out long ago, and, therefore, a *Kelly* stay would benefit Petrocelli only to the extent that his newly-exhausted claims – those to be added back into the federal petition following the requested stay – would relate back to exhausted claims to be included in the stayed petition. The court noted that Petrocelli made general arguments that his newly-exhausted claims would not be time-barred, but that he did not provide any specific analysis in this regard with respect to any particular claim. The court, however, examined Petrocelli's unexhausted claims, and compared those claims to the exhausted claims in the fourth amended petition, and found that there could be colorable arguments that only three of the unexhausted claims

might relate back, under *Mayle*, to exhausted claims in Petrocelli's fourth amended petition. The court assumed, for purposes of its analysis only, and without finally deciding the relation-back issue, that Grounds 15(d), 17, and 19 would relate back to exhausted claims, and could therefore survive a statute of limitations challenge following a *Kelly* stay. However, the court exercised its discretion to deny Petrocelli a *Kelly* stay. The court noted that in the nearly three decades since his conviction, Petrocelli has litigated, in state court, a direct appeal and three state habeas actions, the last of those between August 2003 and July 2007. The court stated that, in exercising its discretion, the court is mindful of the important principles of comity and federalism, and stated that the State has a strong interest in the finality of its criminal judgments, and execution of its capital sentences without undue delay. The court was also mindful of the congressional intent behind AEDPA, the most recent wide-ranging federal legislation in the habeas area, to "reduce delays in the execution of state and federal criminal sentences, particularly in capital cases." *See Rhines*, 544 U.S. at 276. The court was also cognizant, however, that, facing the ultimate punishment, capital habeas petitioners must be provided reasonable opportunity to exhaust potentially meritorious habeas claims in state court, to avoid unnecessary forfeiture of such claims. The court concluded, with respect to the question of a *Kelly* stay, that it cannot countenance another stay of this action to provide time for yet another – it would be Petrocelli's fourth – state habeas action. *See* Order entered March 10, 2011, pp. 26-29.

The court, therefore, denied Petrocelli's motion for a stay. *Id*. at 29-30. The court required Petrocelli to abandon his unexhausted claims or face dismissal of his entire fourth amended petition. *Id*. However, the court subsequently suspended the requirement that Petrocelli abandon his unexhausted claims, pending the resolution of his motion for reconsideration. *See* Minute Order entered April 14, 2011 (docket #221).

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 888 (9th Cir.2001) (internal citation omitted); *see also* Fed. R. Civ. Pro. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims ...

may be revised at any time before the entry of a judgment"). Thus, all district court rulings are subject to revision at any time before the entry of judgment so long as the court retains jurisdiction over the case. *United States v. Smith*, 389 F.3d 944, 949 (9th Cir.2004) (emphasis omitted). Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law. *Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir.2004); *School Dist. No. IJ, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993).

In his motion for reconsideration, as a predicate, Petrocelli repeatedly states that this court, in the order denying a stay, held "that ineffectiveness of post-conviction counsel can never constitute good cause." *See, e.g.*, Motion for Reconsideration (docket #220), p. 4; *see also, e.g., id.* at 5 (referring to court's "blanket holding that ineffective assistance of post-conviction counsel can never constitute good cause for failing to exhaust"). However, the court's March 10, 2011 order does not say that. Petrocelli oversimplifies and distorts this court's ruling. On this subject, the court's ruling was as follows:

> While this court might hesitate to place an "excusable neglect" label on the *Rhines* good cause standard, this court agrees with the court in *Hoyos* [*v. Cullen*, 2011 WL 11425 (S.D.Cal.2011) at *9-10] and the court in *Corjasso* [*v. Ayers*, 2006 WL 618380 (E.D.Cal March 9, 2006) at *3], that a simple statement that state post-conviction counsel was ineffective for overlooking the issue is not enough to show good cause under *Rhines*, and that some factor either external to, or outside the control of, the petitioner and his counsel is required.
>
> In this court's view, under the circumstances in this case, to conclude that Petrocelli had good cause for his failure to exhaust, based simply upon his conclusory and unsupported assertion of ineffective assistance of counsel, without more, would conflict with the Supreme Court's instruction in *Rhines* that mixed petitions should be stayed in only limited circumstances, and it would disregard and undermine the goals of the AEDPA, to encourage the finality of sentences, and to encourage petitioners to exhaust their claims in state court before filing in federal court. *See Rhines*, 544 U.S. at 273-77; *see also Wooten*, 540 F.3d at 1024. This court finds that Petrocelli has not shown good-cause, under *Rhines*, for his failure to previously exhaust, in state court, the claim in Ground 8(b).

Order entered March 10, 2011, p. 11.

5

Petrocelli also argues that the court erred in ruling that "Petrocelli's justification, that his post-conviction counsel performed ineffectively in failing to raise the claim, is one that could be raised in virtually every case." *See* Motion for Reconsideration, pp. 8-10; *see also* Order entered March 10, 2011, p. 10. However, it simply an unavoidably is the case that in any case in which a claim is unexhausted, a federal petitioner can argue that his state post-conviction counsel was ineffective for not exhausting the claim. In fact, in Petrocelli's motion for reconsideration, his footnotes 2 and 4 are illuminating. In those footnotes, Petrocelli points out that his assertion of ineffective assistance of counsel as good cause, and the court's rejection of that argument, apply to all his unexhausted claims; Petrocelli makes that assertion without any analysis specific to his individual claims, or any analysis of his counsel's handling of his individual claims. *See* Motion for Reconsideration, p. 3 n. 2, and p. 9 n. 4; *see also* Reply in Support of Motion for Reconsideration (docket #223), p. 5 n. 1. It is just that sort of generic argument, applicable to any unexhausted claim, that *Wooten* appears to foreclose.

Petrocelli points out that, in *Crump v. Warden*, 113 Nev. 293, 934 P.2d 247 (1997), the Nevada Supreme Court recognized a limited right to effective state post-conviction counsel. It does not follow, however, that, because the Nevada Supreme Court has recognized a right to effective assistance of counsel in certain state post-conviction proceedings, he had good cause, within the meaning of the *Rhines* decision, for not exhausting, in state court, claims that he now raises in his federal habeas petition.

In his motion for reconsideration, Petrocelli revisits his argument that there was good cause for his failure to exhaust in state court the claim in Ground 7(e) of his fourth amended petition in this case, because the case of *Sechrest v. Ignacio*, 549 F.3d 789 (9th Cir.2008) was decided after he filed his opening brief on the appeal in his third state habeas action. *See* Motion for Reconsideration, pp. 12-14. However, Petrocelli still fails to show that the timing of the *Sechrest* decision somehow shows good cause for his failure to exhaust Ground 7(e). As the court stated in its March 10, 2011

order: "it is plain from the record that the claim in Ground 7(e) could have been articulated, and exhausted in state court, before *Sechrest* was decided." Order entered March 10, 2011, p. 8.

Petrocelli also revisits his argument that there is good cause for his failure to exhaust Ground 11 because the case of *Polk v. Sandoval*, 503 F.3d 903 (9th Cir.2007) was not decided until after he filed his opening brief on the appeal in his third state habeas action. *See* Motion for Reconsideration, pp. 14-15. However, as the court explained in its March 10, 2011 order, it is plain that Petrocelli's ability to raise, in state court, the claim in Ground 11 was not dependent on the decision in *Polk*:

> Petrocelli could have raised this claim in state court before *Polk* was decided. Petrocelli demonstrated this himself. In the state district court, in his third petition for writ of habeas corpus, filed August 11, 2003 – about four years before *Polk* was decided – Petrocelli made this claim. Exhibit 26, pp. 21-25. Had Petrocelli asserted the claim on the appeal in that action, it would now be exhausted. However, Petrocelli did not do that. The claim was abandoned and not asserted on appeal before the Nevada Supreme Court. *See* Exhibit 38, pp. 18-20 (statement of issues presented on appeal in third state habeas action). Petrocelli has provided no explanation – much less "good cause" – for his abandonment of this claim on the appeal in his third state habeas action.
>
> So, while the decision in *Polk* may have added some weight to Petrocelli's claim, Petrocelli's ability to exhaust the claim was not dependent on the *Polk* decision, and Petrocelli has not shown good cause for his failure to exhaust the claim.

Order entered March 10, 2011, pp. 12-13.

Petrocelli, then, has not shown any reason why this court should reconsider its ruling that he has not shown good cause, under *Rhines*, for his failure to exhaust claims.

Furthermore, Petrocelli does not show any reason why the court should reconsider its denial of a *Kelly* stay. Petrocelli's argument that a stay, to allow him an opportunity for a fourth state habeas action, would advance the interests in comity, federalism, and finality, is specious. The State has a strong interest in the finality of its criminal judgments, and execution of its capital sentences without undue delay. The interests in comity, federalism, and finality will not be undermined if Petrocelli, in this federal habeas action, is limited to only the claims he has exhausted in his three decades of state-court litigation.

The court will, therefore, deny the motion for reconsideration.

As a final matter, it has come to the court's attention that the docket in this case needs updating, regarding the named respondents. The court is informed that Renee Baker is now the warden of Ely State Prison, the prison where Petrocelli is incarcerated. *See*, *e.g.*, *Castillo v. Baker*, 2:04-cv-0868-RCJ-GWF, Motion for Substitution of Respondent (docket #110). Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Renee Baker is substituted for her predecessor, E.K. McDaniel, as the respondent warden. Additionally, the court notes that the docket lists Ron Angelone, a former director of the Nevada Department of Corrections, as a respondent. However, Petrocelli's fourth amended petition does not name Ron Angelone, or any director of the Nevada Department of Corrections, as a respondent. *See* Fourth Amended Petition for Writ of Habeas Corpus (docket #162). Therefore, Ron Angelone shall be removed from the docket as a named respondent.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Reconsideration of Order Denying Petitioner's Motion for Stay and Abeyance (docket #220) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** from the date of entry of this order to file a notice of abandonment of unexhausted claims, abandoning the claims in his fourth amended petition that have been held to be unexhausted in state court (Grounds 7(e), 8(b), 9, 11, 14, 15(a), 15(b), 15(c), 15(d), 15(e), 16(a), 16(b), 16(c), 16(d), 16(e), 16(f), 16(g), 16(h), 16(i), 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31). If petitioner does not, within the time allowed, file a notice of abandonment of unexhausted claims, abandoning all of his unexhausted claims, petitioner's Fourth Amended Petition (docket #162) will be dismissed, in its entirety, pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

**IT IS FURTHER ORDERED** that, if petitioner files a notice of abandonment of unexhausted claims, abandoning all of his unexhausted claims, within the time allowed, respondent shall thereafter have **90 days** to file an answer, responding to the exhausted claims remaining in petitioner's fourth amended petition (Grounds 6(c), 6(d), 7(b), 7(f), 10, 12, and 13).

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further proceedings set forth in the order entered November 16, 2007 (docket #147) shall remain in force.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall substitute Renee Baker for E.K. McDaniel, on the docket, as the respondent warden; shall remove Ron Angelone from the docket, as a respondent; and shall update the caption of the action to reflect these changes.

Dated this 5th day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE