UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRACY PETROCELLI,<br><br>    Petitioner,<br><br>vs.<br><br>RENEE BAKER, *et al.*,<br><br>    Respondents. | 3:94-cv-0459-RCJ-VPC<br><br>**ORDER** |

On October 25, 2011, the petitioner in this capital habeas corpus action, Tracy Petrocelli, filed a "Motion for Permission to Appeal Denial of Motion for Stay and Abeyance" (docket #225). The respondents filed an opposition to that motion (docket #229) on November 10, 2011. Petrocelli filed a reply (docket #230) on November 18, 2011. The court will deny the motion.

On March 23, 2010, the court entered an order (docket #200) resolving a motion to dismiss (docket #173) made by respondents. The court granted the motion to dismiss in part, and denied it in part. The court dismissed several grounds of Petrocelli's fourth amended habeas petition, and ruled several other grounds of the fourth amended petition to be unexhausted in state court. Order entered March 23, 2010 (docket #200), pp. 37-38. The court ordered Petrocelli to either abandon the unexhausted claims or file a motion for a stay if he believed he should be allowed to return to state court to exhaust them. *Id*. Petrocelli filed a motion for stay (docket #203) on April 21, 2010.

Briefing of the motion for stay was suspended pending the resolution of a motion for reconsideration of the order resolving the motion to dismiss, which motion for reconsideration was filed April 20, 2010 (docket #201). On August 10, 2010, the court denied that motion for reconsideration, and ordered briefing of the motion for stay (docket #209).

On March 10, 2011, the court denied the motion for stay (docket #218). In that motion, Petrocelli argued that this action should be stayed so that he may return to state court to pursue a fourth state-court habeas petition, in order to exhaust his unexhausted claims. In its order denying the stay, the court set forth the factual and procedural background of the case. Order entered March 10, 2011 (docket #218), pp. 1-6. The court went on in the order to consider each of Petrocelli's unexhausted claims, and determined that Petrocelli did not satisfy the standards established by the Supreme Court, in *Rhines v. Weber*, 544 U.S. 269 (2005), to justify a stay, with respect to any of those claims. Order entered March 10, 2011, pp. 7-26. The court then determined that a "*Kelly* stay" – under the Ninth Circuit cases of *King v. Ryan*, 564 F.3d 1133 (9th Cir.2009), *Kelly v. Small*, 315 F.3d 1063 (9th Cir.2003), and *Calderon v. U.S. Dist. Ct.* (*Taylor*), 134 F.3d 981, 986 (9th Cir.1998) – is not warranted. *Id*. at 26-29.

On April 6, 2011, Petrocelli filed a motion for reconsideration of the denial of his motion for stay (docket #220). The court denied that motion on October 5, 2011 (docket #224). In the October 5 order, the court ordered that Petrocelli had 30 days to file a notice of abandonment of his unexhausted claims (Grounds 7(e), 8(b), 9, 11, 14, 15(a), 15(b), 15(c), 15(d), 15(e), 16(a), 16(b), 16(c), 16(d), 16(e), 16(f), 16(g), 16(h), 16(i), 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, and 31, of his fourth amended petition). The court ordered that if Petrocelli did not, within the time allowed, file a notice of abandonment of the unexhausted claims, his fourth amended habeas petition would be dismissed, in its entirety pursuant to *Rose v. Lundy*, 455 U.S. 509 (1982).

On October 25, 2011, Petrocelli filed his motion for permission to appeal the denial of the motion for stay (docket #225). That motion has now been fully briefed by the parties.

1       Meanwhile, after the motion for stay was denied, Petrocelli filed, in the Ninth Circuit Court of Appeals, a petition for extraordinary writ of mandamus, contesting the denial of that motion, as well as an emergency motion for stay pending determination of the petition for a writ of mandamus. *See* Notice of Filings, filed October 31, 2011 (docket #226). On November 3, 2011, the court of appeals denied the petition for writ of mandamus and the emergency motion for stay (docket #227).

       On November 4, 2011, Petrocelli filed a notice of abandonment of unexhausted claims, abandoning all the claims held by the court to be unexhausted (docket #228).

       The court understands the parties to agree that the court of appeals' denial of Petrocelli's petition for writ of mandamus, and Petrocelli's abandonment of his unexhausted claims, have rendered moot his motion for permission to appeal. *See* Opposition to Motion for Permission to Appeal (docket #229), pp. 10-11; Reply in Support of Motion for Permission to Appeal (docket #230), p. 2, lines 13-17. Therefore, Petrocelli's motion for permission to appeal will be denied as moot.

       Moreover, even if the motion for permission to appeal were not moot, the court would deny that motion. Regarding Petrocelli's argument that this court should certify an interlocutory appeal under 28 U.S.C. § 1292(b), there is no showing, and the court does not find, "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *See* 28 U.S.C. § 1292(b). And, similarly, regarding Petrocelli's argument that the denial of his motion for stay is appealable under 28 U.S.C. § 1291, as a "collateral order," there is no showing, and the court does not find, that its order denying Petrocelli a stay would be "effectively unreviewable on appeal from the final judgment in the underlying [action]." *See Swint v. Chambers County Commission*, 514 U.S. 863, 867 (1994).

       Therefore, Petrocelli's motion for permission to appeal will be denied, and the case will now proceed toward a decision on the merits of the claims remaining in his fourth amended habeas petition. Respondents' answer is due February 6, 2012. *See* Order entered October 5, 2011 (docket #224), p. 8.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Permission to Appeal Denial of Motion for Stay and Abeyance (docket #225) is **DENIED**.

**IT IS FURTHER ORDERED** that respondents shall file and serve an answer, responding to the claims remaining in petitioner's fourth amended habeas petition, on or before **February 6, 2012**.

**IT IS FURTHER ORDERED** that, in all other respects, the schedule for further litigation of this action set forth in the order entered November 16, 2007 (docket #147) shall remain in effect.

Dated this 7th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE